David C. Powell (SBN 129781)
Eric G. Wallis (SBN 67926)
REED SMITH LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
**Mailing Address:**
P. O. Box 7936
San Francisco, CA 94120-7936
Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Thomas O. Jacob (SBN 125665)
Office of General Counsel
Wells Fargo & Co.
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone:   +1 415-396-4425
Facsimile:   +1 415-975-7864

Attorneys for Defendants

Rey Hassan (SBN 50717)
Mark P. Meuser (SBN 231335)
HASSAN LAW FIRM
1801 Bush Street, #304
San Francisco, CA 94109
Telephone:   +1 415 775 9700
Facsimile:   +1 415 775 2507

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATHALIE AL-THANI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>　　　　　Defendants. | No. CV 08-1745 CW<br><br>JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:　　　July 8, 2008<br>Time:　　　2:00 pm<br>Place:　　　Courtroom 2<br>Honorable Claudia Wilken |

– 1 –

Plaintiff Nathalie al-Thani and Defendants Wells Fargo & Company, Wells Fargo Investments, LLC, Shalom Morgan, Andrey Movsesyan and Dan Hilken submit the following Joint Initial Case Management Conference Statement.

1. <u>Jurisdiction and Service</u>: The Court has federal question jurisdiction over this matter under 28 U.S.C. Section 1331 in that Plaintiff's claims arise under the Securities Act of 1933, 15 U.S.C. Section 77a *et seq.* and the Securities Exchange Act of 1934, 15 U.S.C. Section 78a *et seq.* The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367. Diversity of citizenship jurisdiction also exists under 28 U.S.C. Section 1332(a)(2) in that the case is between a foreign citizens and citizens of the United States with more than $75,000, exclusive of interest and costs, in controversy.

2. <u>Facts</u>: On January 17, 2008, Plaintiff purchased $1,750,000 of a form of auction rate securities (ARS) known as auction market preferred shares (AMPS), issued by the Neuberger Berman Real Estate Securities Income Fund Inc., through Defendant Wells Fargo Investments, LLC and its Financial Consultant, Defendant Shalom Morgan. Beginning February 7, 2008, Plaintiff claims, she attempted to sell her AMPS but was unable to because either the order to sell was not timely submitted or, beginning the week of February 11, 2008, the entire ARS market had collapsed. Plaintiff alleges that she was induced to purchase the AMPS due to Morgan's statements that the AMPS were "safe" and "just like money market funds." Defendants deny this and point out that Plaintiff admits that she was told that the AMPS could only be sold through weekly auctions; Defendants also contend that when the AMPS were sold it was not reasonably foreseeable that the market for them would grind to a complete halt three weeks later. Plaintiff filed her Complaint on April 1, 2008; a First Amended Complaint was filed on May 12, 2008 after Defendants, except Wells Fargo & Company, demanded on April 30, 2008 that Plaintiff's claims be arbitrated pursuant to the Brokerage Account Agreement she had signed.

3. <u>Legal Issues</u>: (1) Whether Morgan made material misstatements or omissions of material facts concerning the nature and risks of AMPS in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78j(b), and SEC Rule 10b-5 promulgated thereunder, Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. Section 77(l)(a)(2), and California common law. (2) Whether Plaintiff is required to submit her claims against Defendants, except Wells Fargo & Company, to arbitration under the Brokerage Account Agreement pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1 *et seq*. (3) Whether Defendant Wells Fargo & Company is liable to Plaintiff (a) under the federal securities laws as the "controlling person" of Morgan under Sections 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78t(a), or Section 15 of the Securities Act of 1933, 15 U.S.C. Section 77o, or (b) under California common law as the "corporate parent" of Morgan's employer, Wells Fargo Investments.

4. <u>Motions</u>: All defendants except Wells Fargo & Company have filed a motion to compel arbitration of Plaintiff's claims before the Financial Industry Regulatory Authority, Inc. (FINRA) pursuant to the Brokerage Account Agreement that Plaintiff signed and to stay proceedings pending arbitration. Defendant Wells Fargo & Company has filed a motion to dismiss the First Amended Complaint or, in the alternative to stay proceedings pending arbitration as requested by the defendants.

5. <u>Amendment of Pleadings</u>: None anticipated at this time, pending the Court's ruling on the motion to dismiss.

6. <u>Evidence Preservation</u>: Defendants have circulated a notice of this action and request to their employees to preserve relevant evidence including emails.

7. <u>Disclosures</u>: Due to the filing of motions to compel arbitration and to stay/dismiss this action Defendants believe that Rule 26(a) disclosures are premature at this time and, in light of

– 3 –

the arbitration motion, inappropriate until such time as the motion is ruled upon by the Court. Plaintiff wishes to proceed in litigation and is prepared to proceed with Rule 26(a) disclosures.

8. <u>Discovery</u>: The Defendants believe that in light of the pending motions to compel arbitration and to dismiss/stay proceedings that discovery under Federal Rules 26-37 is premature at this time, as is the formulation of a discovery plan. Plaintiff is prepared to proceed with discovery including but not limited to depositions of parties, interrogatories and requests for production of documents.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff seeks $1,750,000 in compensatory damages based upon the purchase price of the securities at issue, plus unspecified prejudgment interest, punitive damages, attorney's and expert's fees, and costs of suit. Defendants contend that any damages should be calculated by the difference between what Plaintiff paid for her securities and (a) the income the securities generated and (b) their fair market value at the time the alleged fraud was discovered.

12. <u>Settlement and ADR</u>: All defendants have requested contractual binding arbitration before FINRA pursuant to the terms of the Brokerage Account Agreement Plaintiff assigned; Plaintiff objects on the basis that Defendants' failure to specifically point out and discuss the arbitration provision rendered the arbitration agreement void for fraud. Defendant Wells Fargo & Company believes that an ADR plan in light of its pending motion to dismiss/stay proceedings is premature. The parties have filed a Notice of Need for ADR Phone Conference.

13. <u>Consent to Magistrate Judge</u>: The parties are unwilling to so consent.

14. <u>Other References</u>: Not needed at this time.

15. <u>Narrowing of Issues</u>: The parties agree that this issue is premature until the Court rules on the pending motions.

16. <u>Expedited Schedule</u>: The parties do not believe that such procedures are necessary here.

17. <u>Scheduling</u>: The parties believe that scheduling pretrial procedures is premature at this time given the pending motions, and should be deferred until after the motions are decided by the Court.

18. <u>Trial</u>: Plaintiff has requested a jury trial. Plaintiff currently estimates that a trial, were it held, would take fifteen court days.

19. <u>Disclosure of Interested Parties</u>: Defendants have filed a Certification of non-Party Interested Entities required by Local Rule 3-16. Defendants have certified that other than the named parties there is no such interest to report.

20. <u>Other Matter</u>: Recently a motion was filed before the Judicial Panel on Multi-District Litigation by counsel for plaintiffs in several pending putative class actions in which the sale of often-unspecified ARS are involved for an order requiring transfer to, and consolidation in, the District Court for the Southern District of New York of all actions involving ARS including this case. No hearing date for the motion has been set. Plaintiff and Defendants here do not believe this case, involving the purchase of one ARS by one plaintiff who does not wish to participate in a class action but to litigate her claims separately, should be transferred and consolidated, and will oppose such an order as applied to this case.

1  DATED: June 23 2008.

2
                                        REED SMITH LLP
3
                                        By _____
4                                          Eric G. Wallis
                                           Attorneys for Defendants
5

6  DATED: June 27, 2008.

7
                                        HASSAN LAW FIRM
8
                                        By _____
9                                          Rey Hassan  Mark P. Meuser
                                           Attorneys for Plaintiff
10

11

12
DOCSOAK-9910847.1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 6 –

Joint Initial Case Management Conference Statement
Al-Thani v. Wells Fargo & Company – No. CV 08-1745 CW