Case 4:08-cv-01745-CW    Document 29    Filed 08/13/2008    Page 1 of 11

David C. Powell (SBN 129781)
Eric G. Wallis (SBN 67926)
REED SMITH LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
**Mailing Address:**
P. O. Box 7936
San Francisco, CA 94120-7936
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Thomas O. Jacob (SBN 125665)
Office of General Counsel
Wells Fargo & Co.
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: +1 415-396-4425
Facsimile: +1 415-975-7864

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATHALIE AL-THANI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>　　　　　Defendants. | No. CV 08-1745 CW<br><br>**DEFENDANT WELLS FARGO & COMPANY'S REPLY MEMORANDUM SUPPORTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:　　　August 28, 2008<br>Time:　　　2:00 p.m.<br>Courtroom:　2<br><br>Honorable Claudia Wilken |

DOCSOAK-9915347.1-349334-60012

Defendant Wells Fargo & Company's Reply Memo Supporting Motion to Dismiss 1st Amended Complaint
Al-Thani v. Wells Fargo – No. CV 08-1745 CW

# TABLE OF CONTENTS

| | Page |
|---|---|
| I PRELIMINARY STATEMENT | 1 |
| II LEGAL ANALYSIS | 1 |
|     A. Because Plaintiff Concedes That WFC Has No Derivative or Secondary Liability on the State Law Claims Asserted in the Fourth Through Fourteenth Claims WFC Should Be Dismissed From Them | 1 |
|     B. Because Plaintiff Has Failed to Plead Federal Securities Claims Against WFC the First Through Third Claims Should Be Dismissed as to It | 2 |
|         1. Plaintiff Concedes a Section 12(2) Claim Cannot be Pled | 2 |
|         2. Plaintiff Admits that No Direct Claim Under Section 10(b) of the Securities Exchange Act Has Been Pled Against WFC in the FAC's First Claim | 2 |
|         3. No Claim as a "Controlling Person" Has Been Pled Against WFC in the FAC's Third Claim for Relief | 3 |
|             a. No Claim against WFC as a "Controlling Person" Under Section 20(a) of the Securities Exchange Act Has Been Plead | 3 |
|                 (1) Plaintiff's FAC Does Not Allege that WFC Had the Power to Control Morgan's Actions to Create Control Person Liability | 3 |
|                 (2) The Cases Cited by Plaintiff are Inapposite to the Facts Alleged in the FAC | 4 |
|             b. No Underlying Claim Under Section 10(b) has been Asserted in the Third Claim | 6 |
|     C. If the other Defendants' Motion to Compel Arbitration is Granted This Action Should Be Stayed as to WFC Pending the Arbitration | 7 |
| III CONCLUSION | 8 |

- i -    DOCSOAK-9915347.1-349334-60012

Defendant Wells Fargo & Company's Reply Memo Supporting Motion to Dismiss 1st Amended Complaint
Al-Thani v. Wells Fargo – No. CV 08-1745 CW

# TABLE OF AUTHORITIES

## CASES

Arthur Children's Trust v. Keim,
  994 F.2d 12390 (9th Cir. 1993).................................................................................5

Hollinger v. Titan Capital Corp.,
  914 F.2d 1564 (9th Cir. 1990), cert. denied, 499 U.S. 976 (1991)...........................4

Howard v. Everex,
  228 F.3d 1057 (9th Cir. 2000)................................................................................4, 5

In re Gupta Sec. Lit.,
  900 F. Supp. 1217 (N.D. Cal. 1994).........................................................................5

McKesson HBOC, Inc. Sec. Lit.,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000)....................................................................5

Paracor Finance, Inc. v. General Electric Capital Corp.,
  96 F.3d 1151 (9th Cir. 1996)..................................................................................5, 6

## STATUTES

15 U.S.C. Section 78j(b)...............................................................................................2

15 U.S.C. Section 78o(a)..............................................................................................3

- ii -                                                               DOCSOAK-9915347.1-349334-60012

Defendant Wells Fargo & Company's Reply Memo Supporting Motion to Dismiss 1st Amended Complaint
Al-Thani v. Wells Fargo – No. CV 08-1745 CW

# I

# PRELIMINARY STATEMENT

Plaintiff concedes that Defendant Wells Fargo & Company (WFC) is not liable on the California state law claims that comprise the bulk of the First Amended Complaint (FAC); consequently, WFC is entitled to dismissal of the Fourth through Fourteenth Claims therein. While she contends that viable federal securities laws claims have been pled against WFC, the law in this Circuit clearly holds to the contrary. Accordingly, the entire FAC should be dismissed as to WFC, and this action stayed as to it pending arbitration between Plaintiff and the other Defendants.

# II

# LEGAL ANALYSIS

**A. Because Plaintiff Concedes That WFC Has No Derivative or Secondary Liability on the State Law Claims Asserted in the Fourth Through Fourteenth Claims WFC Should Be Dismissed From Them**

Plaintiff's Fourth through Fourteenth Claims for Relief are based solely on California state law. WFC's Opening Memorandum demonstrated that because the allegedly wrongful acts were committed not by employees of WFC but by its purported subsidiary WFI, WFC's liability could only be secondary or derivative. WFC's Memo, pages 7 & 15. WFC's Memorandum also explained that the FAC was bereft of facts creating a plausible basis for WFC's derivative liability (e.g., alter ego). *Id.*

Plaintiff's Opposition concedes this point (pp. 6:4-5 & 13:8-10). Moreover, the proposed Second Amended Complaint (SAC) deletes WFC from all the state law claims, further

- 1 -    DOCSOAK-9915347.1-349334-60012

Defendant Wells Fargo & Company's Reply Memo Supporting Motion to Dismiss 1st Amended Complaint
Al-Thani v. Wells Fargo – No. CV 08-1745 CW

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

acknowledging that no plausible legal basis for its liability exists. Consequently, WFC should be dismissed from the Fourth through Fourteenth Claims for Relief of the FAC.[1]

**B.  Because Plaintiff Has Failed to Plead Federal Securities Claims Against WFC the First Through Third Claims Should Be Dismissed as to It**

**1.  Plaintiff Concedes a Section 12(2) Claim Cannot be Pled**

WFC's Opening Memorandum demonstrated that because Plaintiff's Second Claim, under Section 12(2) of the Securities Act of 1933, failed to (and could not) allege that her securities purchase occurred in a public offering, no claim under Section 12(2) was stated. WFC's Memorandum, pages 10-11. Plaintiff does not offer any argument or authority to dispute this, and in fact has eliminated the Section 12(2) claim from her proposed SAC. The validity of WFC's argument thus having been conceded, the FAC's Second Claim should be dismissed as to WFC.

**2.  Plaintiff Admits that No Direct Claim Under Section 10(b) of the Securities Exchange Act Has Been Pled Against WFC in the FAC's First Claim**

The First Claim in Plaintiff's FAC asserted a direct claim against WFC for violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78j(b), and SEC Rule 10b-5. WFC's Opening Memorandum noted that the alleged underlying securities violations were committed by Morgan, who was employed by WFI, not WFC, and that Plaintiff had not shown a plausible basis for WFC's alleged liability directly under Section 10(b). Memorandum, p. 7.

---

[1] This renders discussion of whether said Claims even state a plausible basis for relief at all, or are redundant and should be stricken, moot.

Plaintiff's Opposition does not dispute or contradict WFC's argument and, again, the proposed SAC deletes WFC as a defendant in the Section 10(b) claim (First Claim). Accordingly, WFC should be dismissed from the FAC's First Claim.

### 3. No Claim as a "Controlling Person" Has Been Pled Against WFC in the FAC's Third Claim for Relief

#### a. No Claim against WFC as a "Controlling Person" Under Section 20(a) of the Securities Exchange Act Has Been Pled

##### (1) Plaintiff's FAC Does Not Allege that WFC Had the Power to Control Morgan's Actions to Create Control Person Liability

The FAC's Third Claim attempted to assert a controlling person claim against WFC under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78o(a). In its Opening Memorandum, WFC explained that because the underlying securities violation – the purported oral misrepresentations by Morgan regarding the "risks" of purchasing ARS issues – was committed by an employee of WFI, WFC's status as WFI's sole shareholder was an insufficient pleading of control **over Morgan**, the alleged primary violator, to plead a claim for controlling person liability. Memorandum, pp. 11-15.

Plaintiff's Opposition simply ignores her own pleading that Morgan, not WFI itself (e.g., through a prospectus that contained material misstatements of fact), is the purported primary violator. WFI's status as "wholly owned subsidiary" of WFC (FAC, ¶ 5) is not sufficient to show WFC's control **over Morgan**. Rather, as the cases cited by Plaintiff in her Opposition at p. 7 & n. 2 indicate, it is control over the **primary violator** that is the key to controlling person liability. And Plaintiff's Opposition points to no facts stated in the FAC or persuasive case law that show

- 3 -    DOCSOAK-9915347.1-349334-60012

Defendant Wells Fargo & Company's Reply Memo Supporting Motion to Dismiss 1st Amended Complaint
Al-Thani v. Wells Fargo – No. CV 08-1745 CW

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

that WFC's share ownership alone creates a plausible basis for liability under Section 20(a).[2] Were that true, every controlling shareholder of a licensed broker-dealer would be liable for wrongful acts of the broker-dealer's employees – but that is not the law. And none of the cases cited by Plaintiff support its argument.

### (2) The Cases Cited by Plaintiff are Inapposite to the Facts Alleged in the FAC

In *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990), cert. denied, 499 U.S. 976 (1991), the alleged control person of the primary violator, an individual registered representative, was the broker-dealer itself whose power to prevent the registered representative from engaging in the securities business made it a controlling person under Section 20(a). 914 F.2d at 1574. The Ninth Circuit specifically declined to state whether its opinion applied to non-broker-dealer employers of primary Section 10(b) violators. *Id.* at 1575 n. 24. *Hollinger* cannot, and has not, been read to make controlling shareholders of the broker-dealer **themselves** liable under Section 20(a) simply by virtue of their share holdings absent proof of active participation in the broker-dealer's day-to-day management.

In *Howard v. Everex*, 228 F.3d 1057 (9th Cir. 2000), the Ninth Circuit upheld a summary judgment in favor of a corporate director where the corporation itself was the primary violator due to its issuance of financial statements that contained misstatements of fact. Summary judgment was affirmed because the plaintiff failed to provide a "specific indication that Wong [the director] supervised or had any responsibility for the preparation of the financial statements." *Id.* at 1067. This notwithstanding that the director was also a significant shareholder. The Court noted:

---

[2] The pleading that WFC "controlled" WFI, while not sufficient to show control over **Morgan**, is itself simply a conclusion and not a statement of facts (e.g., the alleged controlling person was the CEO of the corporation and actively supervised the primary wrongdoer).

- 4 -   DOCSOAK-9915347.1-349334-60012

Defendant Wells Fargo & Company's Reply Memo Supporting Motion to Dismiss 1st Amended Complaint
Al-Thani v. Wells Fargo – No. CV 08-1745 CW

> Although plaintiff notes that Wong "reviewed and approved" the first quarter fiscal 1992 financial statements as a member of the Board [of Directors], such activity does not rise to a level of supervision or participation sufficient for a §20(a) violation. Although ownership of stock and a position as a Board member are relevant to ascertaining control, here, there is no showing that Wong was active in the day-to-day affairs of Everex or that he exercised any specific control over the preparation and release of the financial statements. [228 F.3d at 1067 n. 13.]

The Court thus reiterated that actual control over the affairs **of the primary violator** is a requisite for control person liability. As stated by one court:

> [p]laintiffs must still plead and proved that defendants exercised "a significant degree of day-to-day operational control, amounting to the power to dictate another party's conduct or operations." [Citation omitted.] The pleadings of control person liability are insufficient, because they do not identify how the Section 20(a) defendants controlled specific Section 10(b) defendants. [*In re McKesson HBOC, Inc. Sec. Lit.*, 126 F.Supp.2d 1248, 1277 (N.D. Cal. 2000).]

Status as an officer or director alone is insufficient to create a presumption of control. *Arthur Children's Trust v. Keim*, 994 F.2d 12390, 1396 (9th Cir. 1993). Rather, the complaint must state facts, not conclusions, showing how the alleged control person "exercised real control or influence" over the primary violator. *In re Gupta Sec. Lit.*, 900 F.Supp. 1217, 1243 (N.D. Cal. 1994).

WFC's ownership of WFI, unaccompanied by any alleged operational responsibility for the wrongdoing Morgan's activities, does not meet the requirements for Section 20(a) liability. Cf. *Paracor Finance, Inc. v. General Electric Capital Corp.*, 96 F.3d 1151, 1162-63 (9th Cir. 1996) (control "must revolve around the 'management and policies' of the corporation" where the corporation was primary violator). And that is all that Plaintiff has pled; she has cited no case where, as here, a shareholder (including a controlling shareholder) was held liable for the acts of a broker-dealer's employees absent a showing (not made here) of actual participation in supervision of the employee.

- 5 -   DOCSOAK-9915347.1-349334-60012

Defendant Wells Fargo & Company's Reply Memo Supporting Motion to Dismiss 1st Amended Complaint
Al-Thani v. Wells Fargo – No. CV 08-1745 CW

### b. No Underlying Claim Under Section 10(b) has been Asserted in the Third Claim

Plaintiff does not dispute that no Section 20(a) claim can exist without an underlying securities violation – here, Morgan's alleged "misrepresentations" about the risk of ARS issues. She does dispute that no Section 10(b) claim is adequately alleged.

Plaintiff's Opposition focuses on the assertion Morgan's alleged misrepresentations that ARS issues "were like a money market fund." Opposition, p. 11. But, fairly read, that is not what the FAC pleads. As noted in Defendants' Opening Memorandum, p. 8, Morgan also stated that (unlike money market funds that can be liquidated by writing a check), ARS issues could only be redeemed: (a) in weekly auctions and (b) if Plaintiff submitted a timely bid. FAC, ¶15. By Plaintiff's own admission, therefore, she was on notice that ARS were **not** "like money market funds."

The gist of the FAC, rather, is that Morgan failed to disclose that "the funds in fact have significant risk" (FAC, ¶35), which "risk" was predicated on auctions failing. But as Plaintiff concedes, up to the time her AMPS were purchased there had been no auction failures of her AMPS, and that the few failures that had occurred in the ARS market in general were linked to subprime debt (*id.*, ¶ 29) that Plaintiff does not assert her AMPS were. But those were the only existing "facts" regarding the risks of owning ARS issues like Plaintiff's AMPS; the impact those failures might have on **future** ARS auctions (as well as the credit problems in the market as a whole) amount to a prediction of future events that, as Defendants' Opening Memorandum pointed out, securities brokers are not required to make because they are not "material facts." No violation of Section 10(b) occurred.

**C.    If the Other Defendants' Motion to Compel Arbitration is Granted This Action Should Be Stayed as to WFC Pending the Arbitration**

Plaintiff has, recognizing the deficiencies in the FAC, requested leave to file yet another amended complaint. Many of the same deficiencies in the FAC are repeated, however, in the proposed SAC.[3] WFC believes that those deficiencies need not be addressed at this time.

First, WFC's Opening Memorandum noted, at pp. 22-23, that WFC's purported liability was admittedly derivative of the other Defendants, who have moved the Court for an order requiring Plaintiff to arbitrate her claims against them pursuant to the Account Agreement she concededly signed. WFC therefore asked that further proceedings against it (if any) should be stayed pending completion of the arbitration.

Plaintiff has not opposed WFC's stay request, nor has she offered any argument (or evidence) why the request should be denied. Consequently, the Court should stay further proceedings against WFC pending a decision on the companion motion to compel arbitration and, if the motion is granted, the completion of that arbitration

Second, given the request to stay proceedings, there is no reason to discuss the deficiencies in the proposed SAC, particularly when the vast bulk of the claims are directed against only the Defendants who have asked this Court to order arbitration and stay proceedings against them pending arbitration. When and if the SAC is filed the parties can brief the Court on whether it provides a basis for relief against any Defendant.

---

[3] Such as naming as a defendant "Wells Fargo Bank, Ltd.," as the bank with which Plaintiff had her account and whose employee referred her to Morgan. The actual entity that held Plaintiff's bank account was, as WFC noted in its Opening Memorandum, "Wells Fargo Bank, N.A."

- 7 -    DOCSOAK-9915347.1-349334-60012

Defendant Wells Fargo & Company's Reply Memo Supporting Motion to Dismiss 1st Amended Complaint
Al-Thani v. Wells Fargo – No. CV 08-1745 CW

## III

## CONCLUSION

Plaintiff concedes that her FAC's pending state laws claims, her direct Section 10(b) claim, and her Section 12(2) claim are not viable against WFC. Consequently, they should be dismissed as to WFC. The FAC also fails to plead a plausible claim for control person liability against WFC under the Securities Exchange Act, and that claim should likewise be dismissed. Finally, all further proceedings against WFC should be stayed pending a decision on the other Defendants' companion motion to compel arbitration and, if that motion is granted, completion of arbitration proceedings.

DATED: August 13, 2008.

REED SMITH LLP

By _____
Eric G. Wallis
Attorneys for Defendants