David C. Powell (SBN 129781)
Eric G. Wallis (SBN 67926)
REED SMITH LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
**Mailing Address:**
P. O. Box 7936
San Francisco, CA 94120-7936
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Thomas O. Jacob (SBN 125665)
Office of General Counsel
Wells Fargo & Co.
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: +1 415-396-4425
Facsimile: +1 415-975-7864

Attorneys for Defendants

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATHALIE AL-THANI,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | No. CV 08-1745 CW<br><br>**DEFENDANTS' REPLY MEMORANDUM SUPPORTING MOTION TO COMPEL ARBITRATION**<br><br>Date: August 28, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>Honorable Claudia Wilken |

# TABLE OF CONTENTS


| | Page |
|---|---|
| I PRELIMINARY STATEMENT | 1 |
| II LEGAL ANALYSIS | 1 |
| A. Requisites for Finding an Arbitration Provision Unconscionable | 1 |
| B. As A Matter of Law the Mutual Agreement to Submit Disputes to Arbitration Is Not Substantially Unconscionable | 2 |
| 1. Plaintiff Waived any Claim that the Arbitration Provisions are "Substantively Unconscionable" By Failing to Identify and Discuss Them | 2 |
| 2. The Arbitration Provisions are Bilateral and Clearly Fair to Both Sides | 3 |
| C. As A Matter Of Law Plaintiff's Supposed Failure To Read The Clear Language That The Agreement She Was Signing Contained An Arbitration Promise Does Not Create "Procedural Unconscionability" Sufficient To Justify Denial Of Arbitration | 5 |
| 1. The Evidence Does Not Show Unconscionable "Surprise" | 5 |
| 2. Plaintiff's Signing of the Account Agreement After She Had WFI Purchase the AMPS for Her Does Not Amount to "Procedural Unconscionability" | 5 |
| 3. The Purported Disparity in Economic Power Between Plaintiff and WFI Does Not Establish "Oppression" Justifying Denial of a Provision That Embraces a Public Policy of California | 7 |
| a. The Execution of the Acknowledgement After Plaintiff Purchased Her AMPS is Not, in Light of Her Prior Receipt of the Account Agreement, Procedurally Unconscionable for "Oppression" | 7 |
| b. WFI's Use of a Standardized Contract Containing a Valid and Proper Arbitration Provision Does Not Nullify the Arbitration Promises | 8 |
| III CONCLUSION | 9 |




REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

## CASES

24 Hour Fitness, Inc. v. Superior Court, 66 Cal. App. 4th 1199, 78 Cal. Rptr. 2d 533 (1998) ....3

Abramson v. Juniper Networks, Inc., 115 Cal. App. 4th 638, 9 Cal.Rptr.3d 422 (2004) ....2

Armendariz v. Foundation Health Psychare Services, Inc., 24 Cal. 4th 83, 99 Cal. Rptr. 2d 745 (2000) ....1, 9

Cohen v. Wedbush, Noble & Cook, Inc., 841 F.2d 282 (9th Cir. 1998), disapproved on other grounds Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931 (2001), cert. denied, 534 U.S. 1133 (2002)....4

Crippen v. Central Valley RV Outlet, Inc., 124 Cal. App. 4th 1159, 22 Cal.Rptr.3d 189 (2004) ....1, 2, 4, 8, 9

Dean Witter Reynolds, Inc. v. Superior Court, 211 Cal. App. 3d 758, 259 Cal. Rptr. 789 (1989)....1

Durgin v. Kaplan, 68 Cal. 2d 81, 65 Cal. Rptr. 158 (1968) ....6

Eureka Teachers Ass'n v. Board of Education, 199 Cal. App. 3d 353, 244 Cal. Rptr. 240 (1988)....3

Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778 (9th Cir. 2002) ....2

Gatton v. T-Mobile USA, Inc., 152 Cal. App. 4th 571, 61 Cal.Rptr.3d 344 (2007), cert. denied, __ U.S. __, 128 S.Ct. 2501 (2008)....2, 5, 8, 9

Greenawalt v. Rogers, 151 Cal. 630, 91 P. 526 (1907)....6

Kinney v. United HealthCare Services, Inc., 70 Cal. App. 4th 1322, 83 Cal. Rptr. 2d 348 (1999) ....1, 7

Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181 (S.D. Cal. 2005), aff'd nonpublished opinion, 252 Fed.App. 777 (9th Cir. 2007), cert. denied, __. U.S. __, 128 S.Ct. 2500 (2008)....6

Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 130 Cal. Rptr. 2d 892 (2003) ....2, 3

MDLX Investments, LLC v. Parse, 2006 WL. 1579597 (D. Utah 2006)....4

Marshall v. Pontiac, 287 F. Supp. 2d 1229 (C.D. Cal. 2003) ....3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Morris v. Redwood Empire Bancorp., 128 Cal. App. 4th 1305, 27 Cal.Rptr.3d 797 (2005), quoting Geldermann & Co. v. Lane Processing, Inc., 527 F.2d 571 (8th Cir. 1975) ....................10

Moses H. Cone Memorial Hosp. v. Mercury Constr., 4601 U.S. 1, 103 S. Ct. 927 (1983) ....................9

Nagrampa v. MailCoups, Inc., 469 F.3d 1257 (9th Cir. 2006) .................... 5, 7-8

Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 55 Cal. Rptr. 2d 818 (1996) ....................5

Parr v. Superior Court, 139 Cal. App. 3d 440, 188 Cal. Rptr. 801 (1983) ....................4

Posern v. Prudential Securities, Inc., 2004 WL. 1145877 (N.D. Cal. 2004) ....................4

Shroyer v. New Cingular Wireless Services, Inc., 498 F.3d 976 (9th Cir. 2007) ....................9

Stern v. Cingular Wireless Corp., 453 F. Supp. 2d 1138 (C.D. Cal. 2006) ....................3, 6

Wayne v. Staples, Inc., 135 Cal. App. 4th 466, 37 Cal.Rptr.3d 544 (2006) ....................2

**TEXTS**

1 Witkin, Summary of California Law, Contracts (10th ed. 2005) ....................6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I

## PRELIMINARY STATEMENT

Abandoning her original claim that the arbitration agreement with Defendants is unenforceable due to fraud in the inducement, Plaintiff now contends that the arbitration provisions are "unconscionable." Plaintiff has completely failed to prove that the arbitration provisions are substantively unfair, however, and any claim that they are "procedurally unconscionable" are minimal at best. Defendants' motion to compel arbitration should be granted.

## II

## LEGAL ANALYSIS

### A. Requisites for Finding an Arbitration Provision Unconscionable

Arbitration provisions may be denied enforcement if unconscionable. See *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83, 99, 99 Cal.Rptr.2d 745 (2000). Because unconscionability is an affirmative defense to a request to compel arbitration[1], Plaintiff has the burden of proving that the arbitration provisions should be nullified. *Crippen v. Central Valley RV Outlet, Inc.*, 124 Cal.App.4th 1159, 1164, 22 Cal.Rptr.3d 189 (2004).

As Plaintiff concedes, the unconscionability doctrine has both procedural and substantive elements. *Kinney v. United HealthCare Services, Inc.*, 70 Cal.App.4th 1322, 1329, 83 Cal.Rptr.2d 348 (1999). While whether an arbitration provision is unconscionable is determined on a sliding scale basis – e.g., the less the procedural unconscionability the more the substantive unconscionability needs to be [*Armendariz,* 24 Cal.4th at 114] – the Court must find that **both** are

1 *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal.App.3d 758, 766, 259 Cal.Rptr. 789 (1989).

present to deny enforcement. *Abramson v. Juniper Networks, Inc.*, 115 Cal.App.4th 638, 655, 9 Cal.Rptr.3d 422 (2004). That is, a substantively fair arbitration provision will be enforced even if the circumstances surrounding its creation are "procedurally unconscionable." See *Crippen*, 124 Cal.App.4th at 1167 (because arbitration agreement was not procedurally unconscionable substantive unconscionability claim was moot). Here, the arbitration provisions are clearly fair and proper.

**B. As A Matter of Law the Mutual Agreement to Submit Disputes to Arbitration Is Not Substantially Unconscionable**

**1. Plaintiff Waived any Claim that the Arbitration Provisions are "Substantively Unconscionable" By Failing to Identify and Discuss Them**

"Substantive unconscionability" means just that –terms so overly harsh and one-sided that it would "shock the conscience" of the Court to enforce them. *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 784 (9th Cir. 2002); *Wayne v. Staples, Inc.*, 135 Cal.App.4th 466, 480, 37 Cal.Rptr.3d 544 (2006). Generally, substantively unconscionable terms are those which the party with superior bargaining power "carves out" certain type of claims from arbitration, or the arbitration rules do not permit a fair resolution of the complaining party's claims. E.g., *Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1071-72, 130 Cal.Rptr.2d 892 (2003).

This depends upon the terms in question, of course. But Plaintiff simply **ignores**, however, the substantive provisions of the arbitration agreement in her Opposition Memorandum. She fails to identify any "unconscionable" terms or explain (much less produce evidence to support that explanation) how they are so one-sided as to "shock the conscience" of this Court." Rather, she simply rehashes her unsupported statements on the circumstances surrounding her execution of the Account Agreement - which is argument for "procedural unconscionability," **not** "substantive unconscionability." See *Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571, 581 n. 5, 61



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Cal.Rptr.3d 344 (2007), cert. denied, __ U.S. __, 128 S.Ct. 2501 (2008) (procedural unconscionability looks at the manner by which contract was created while substantive unconscionability looks at the terms themselves). Plaintiff has thus failed to carry her burden of proof and, indeed, waived any claim of substantive unconscionability. Cf. *Eureka Teachers Ass'n v. Board of Education*, 199 Cal.App.3d 353, 369, 244 Cal.Rptr. 240 (1988) (argument in opposition brief unaccompanied by legal authorities deemed waived).

**2. The Arbitration Provisions are Bilateral and Clearly Fair to Both Sides**

Contrary to Plaintiff's comments, the arbitration provisions are clearly fair and bilateral. As the excerpt from Defendants' Opening Memorandum at page 4 states:

> THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT **THE PARTIES AGREE** AS FOLLOWS . . . I AGREE THAT **ALL CLAIMS, CONTROVERSIES, AND OTHER DISPUTES BETWEEN ME AND WELLS FARGO INVESTMENTS** . . . ARISING OUT OF OR RELATING TO THE BROKERAGE ACCOUNT OR ANY ORDERS OR TRANSACTIONS THEREIN . . . WHETHER ENTERED INTO BEFORE, ON, OR AFTER THE DATE THIS ACCOUNT IS OPENED, SHALL BE DETERMINED BY ARBITRATION CONDUCTED BY, AND SUBJECT TO THE ARBITRATION RULES THEN IN EFFECT OF THE FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. [emphasis added].

An examination in full of the provisions (found in Exhibit A to Morgan's Declaration, pp. 3-4) demonstrates that both sides agreed to arbitrate **all** disputes arising between them, making the agreement bilateral. *Little*, 29 Cal.4th at 1075 n. 1; accord, *Marshall v. Pontiac*, 287 F.Supp.2d 1229, 1233 (C.D. Cal. 2003); *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th 1199, 1205 & 1210, 78 Cal.Rptr.2d 533 (1998). This distinguishes, of course, the only case cited by Plaintiff, *Stern v. Cingular Wireless Corp.*, 453 F.Supp.2d 1138 (C.D. Cal. 2006) (arbitration provision substantively unconscionable because it was unilateral **and** because class action waiver effectively deprived customer of any realistic remedy for defendant's alleged misconduct).

Additionally, the arbitration proceedings will be conducted under the rules promulgated by FINRA, the successor to the NASD and NYSE. Those rules have been approved by the Securities & Exchange Commission, the regulatory agency charged with enforcing the securities laws. California courts have long held that (now) FINRA's rules for arbitrating disputes between brokerage firms and their customers are fair and reasonable, and not substantively unconscionable. E.g., *Parr v. Superior Court*, 139 Cal.App.3d 440, 447, 188 Cal.Rptr. 801 (1983); accord, *Cohen v. Wedbush, Noble & Cook, Inc.*, 841 F.2d 282, 286 (9th Cir. 1998), disapproved on other grounds *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931 (2001), cert. denied. *Choice Hotels Int'l, Inc. v. Ticknor*, 534 U.S. 1133 (2002)[2].

Plaintiff has cited no authority holding that the bilateral obligation to arbitrate disputes under FINRA arbitration rules found here are so slanted in favor of the brokerage industry that it would be "shocking" to require Plaintiff to arbitrate under them. To the contrary, courts have rather uniformly rejected, under unconscionability principles similar to California's, claims that FINRA-sponsored arbitration is "substantively unconscionable" for customers like Plaintiff. E.g., *Posern v. Prudential Securities, Inc.*, 2004 WL 1145877, *7 (N.D. Cal. 2004) (under New York law); see *MDLX Investments, LLC v. Parse*, 2006 WL 1579597, *6 (D. Utah 2006).

Because Plaintiff has failed to show that the arbitration provisions are substantively unconscionable, her opposition to enforcement of those provisions is without merit regardless of the "procedural unconscionability" claim. *Crippen*, 124 Cal.App.4th at 1167. But Plaintiff has failed to present evidence on procedural unconscionability, whether based on claims of "surprise" or "oppression," that justifies denying enforcement of the arbitration agreement.

---

2 *Ticknor* disagreed with *Cohen* not on whether arbitration was unconscionable but over the choice of law (e.g., federal versus state) controlling the issue of unconscionability.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### C. As A Matter Of Law Plaintiff's Supposed Failure To Read The Clear Language That The Agreement She Was Signing Contained An Arbitration Promise Does Not Create "Procedural Unconscionability" Sufficient To Justify Denial Of Arbitration

#### 1. The Evidence Does Not Show Unconscionable "Surprise"

The term "surprise" generally refers to "the extent to which the terms of the bargain are hidden in a 'prolix printed form' drafted by a party in a superior bargaining position." *Olsen v. Breeze, Inc.*, 48 Cal.App.4th 608, 621, 55 Cal.Rptr.2d 818 (1996). "Surprise" by its very terms means that the complaining party was ignorant of the offending contractual term. **But Plaintiff here has not so stated** – she has offered no evidence that she was in fact unaware of the obligation to arbitrate. Moreover, as detailed in Defendants' Opening Memorandum at p. 2, the Acknowledgment that Plaintiff admittedly signed sets forth in explicit terms that no reasonable investor could miss that her Account Agreement with WFI contained a provision for arbitration. Plaintiff has thus failed to make out even a *prima facie* case of "surprise."

#### 2. Plaintiff's Signing of the Account Agreement After She Had WFI Purchase the AMPS for Her Does Not Amount to "Procedural Unconscionability"

The undisputed evidence[3] shows that Plaintiff was twice given either the Account Agreement containing or the Acknowledgement referencing, the arbitration language during face-to-face meetings with Morgan. The first was during the initial meeting with Morgan on January 11, 2008, **before** the AMPS were purchased. During the meeting Plaintiff was told she would need to sign the Agreement to have an account with WFI, but simply neglected to do so before she left.

---

3 Although unconscionability is a question of law for the court [*Gatton*, 152 Cal.App.4th at 579], procedural unconscionability turns on the events surrounding the contract's execution [*Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1282 (9th Cir. 2006)]. Here, Morgan's Declaration stands uncontradicted by Plaintiff, so the Court should consider the facts therein as undisputed.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

[Morgan Dec., ¶¶ 4-5.] This distinguishes this case from *Stern*, where the documentation first referencing the arbitration provision was given to the customer after the phone purchase occurred.

Following the first meeting but again **before** the AMPS were acquired on January 17, 2008, Plaintiff was again told she needed to sign the Account Agreement, which **Plaintiff agreed to do.** Morgan Dec., ¶¶7-8. A contract comprised of the Account Agreement was thus formed **pre-purchase** notwithstanding Plaintiff's failure to sign the Account Agreement or to have read its terms. E.g., 1 Witkin, Summary of California Law, Contracts § 118 at p. 157 (10th ed. 2005) (person who accepts contract bound by all its terms even if not read). When Plaintiff's AMPS were purchased at her request knowing that her acceptance of the Account Agreement was required, acceptance of WFI's services in purchasing the AMPS also constituted Plaintiff's acceptance of the Account Agreement's terms. See *Durgin v. Kaplan*, 68 Cal.2d 81, 91 & n.10, 65 Cal.Rptr. 158 (1968). And, of course, when Plaintiff later met with Morgan it was for the purpose of signing the Account Agreement, which Plaintiff did without protest or questions or, the evidence shows, with time to do so.

Plaintiff presented no evidence that Defendants prevented her from discovering the arbitration provision or asking any questions about a contract she knew was required to sign; no unconscionable "surprise" occurred. Moreover, Defendants' efforts to provide the Account Agreement to Plaintiff before she purchased the AMPS make any "surprise unconscionability" minimal.[4] See *Laster v. T-Mobile USA, Inc.*, 407 F.Supp.2d 1181, 1189 (S.D. Cal. 2005), aff'd nonpublished opinion, 252 Fed.App. 777 (9th Cir. 2007), cert. denied, __. U.S. __, 128 S.Ct. 2500 (2008) (where contract presented to customer at time of purchase, procedural unconscionability was "on the low end of the spectrum of procedural unconscionability").

4 Because Plaintiff has never stated that she would not have signed the Account Agreement when first presented to her the issue of "surprise" is moot – Plaintiff obviously cannot, in effect, rescind a contract that she would have signed in any event. Cf. *Greenawalt v. Rogers*, 151 Cal. 630, 635, 91 P. 526 (1907) (consent to contract withdrawn only if it would not have been given absent fraud, undue influence, etc.).



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**3. The Purported Disparity in Economic Power Between Plaintiff and WFI Does Not Establish "Oppression" Justifying Denial of a Provision That Embraces a Public Policy of California**

The term "oppression," as applied to unconscionability, generally denotes unequal bargaining power between the parties that allows the stronger side to impose contractual terms on the weaker without the latter having a meaningful choice or opportunity to negotiate. See *Kinney*, 70 Cal.App.4th at 1329. Plaintiff posits two aspects of Plaintiff's signing the Account Agreement as "oppressive": that it was presented after she acquired the AMPS in dispute and that she was not given an opportunity to negotiate the arbitration terms.

**a. The Execution of the Acknowledgement After Plaintiff Purchased Her AMPS is Not, in Light of Her Prior Receipt of the Account Agreement, Procedurally Unconscionable for "Oppression"**

Plaintiff's argument that the execution of the Acknowledgement after the AMPS were purchased was the "oppression" is simply an inaccurate rehash of her claim that the execution was the product of unconscionable "surprise" – the undisputed facts show she received the Account Agreement pre-purchase. Moreover, clearly Plaintiff was not bereft of remedies had she been unwilling to agree to arbitrate disputes with Defendants – she could have opted to sell her AMPS at that time[5] and taken her proceeds to another firm, or she could simply have transferred her existing AMPS position elsewhere. She was not required to continue in a business relationship with WFI if she chose not to. At a minimum, that Plaintiff had such simple remedies available to her lowers the degree of unconscionability. See *Nagrampa* 469 F.3d at, 1282-84.

5 The FAC admits the ARS market was viable at that time and for several weeks thereafter. FAC, ¶ 30.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**b. WFI's Use of a Standardized Contract Containing a Valid and Proper Arbitration Provision Does Not Nullify the Arbitration Promises**

Regarding the claim she was "unable to negotiate," Defendants note that Plaintiff has introduced no evidence that: (1) she attempted to negotiate on any part of the Account Agreement or (2) was unable to do so had she tried. All the evidence shows is that Plaintiff was given a proposed contract, that she signed and did not object to it, and that all objective evidence says she willingly accepted the terms. Plaintiff has not demonstrated that she lacked the power to re-negotiate with WFI the terms of the Account Agreement she found unacceptable, and has thus failed to meet even that minimal burden. E.g., *Crippen*, 124 Cal.App.4th at 1165-66. Buyer's remorse does not equate with unconscionable oppression.

Defendants acknowledge that, while conceding a split exists in the California Courts of Appeal, several Ninth Circuit opinions suggest that the submission of a standard form contract by a party with superior bargaining power by itself creates a "minimal level" of procedural unconscionability. *Nagrampa*, 469 F.3d at 1284; accord, *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976, 985 (9th Cir. 2007). Because the provisions were presented to Plaintiff before she purchased her AMPS; the provisions are clearly noted; and Plaintiff agreed to sign the Account Agreement, even accepting that WFI's inistence on a uniform customer contract creates procedural unconscionability, that "oppressive" unconscionability is indeed 'minimal." *Id.*

This, in turn, means that a "high degree" of substantive unconscionability is required to invalidate the arbitration provisions. E.g., *Shroyer*, 498 F.3d at 985; *Gatton*, 152 Cal.App.4th at 585-86. But as discussed *supra*, there is **no** substantive unconscionability in the arbitration provisions to justify denying their enforcement.

Defendants note that the arbitration provisions not only do not unfairly disadvantage Plaintiff but that they embrace an important public policy of this state and this country – that is, the

arbitration of disputes where, as here, a written agreement provides for it. E.g., *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 4601 U.S. 1, 24, 103 S.Ct. 927 (1983); *Armendariz*, 24 Cal.4th at 96-97. The Court should not designate as "shocking to the conscience" the use of provisions that implement a long-held public policy in favor of arbitration and that employ rules deemed fair and reasonable by courts and regulators, based solely on the circumstances of the arbitration agreement's execution. Because no substantive unconscionability exists, Plaintiff's objections to the arbitration provisions fail. *Crippen*, 124 Cal.App.4th at 1167; accord, *Gratton*, 152 Cal.App.4th at 581 n. 5 (even if formation of contract was due to procedural unconscionability "the challenged provision is unenforceable only if it is unduly unfair or oppressive in substance").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## III

## CONCLUSION

Plaintiff signed an agreement under which both sides promised to arbitrate disputes like the one at bar before a tribunal whose rules and procedures have been repeatedly deemed fair and reasonable. Her claim that she did not read the arbitration provisions because Morgan did not expressly point it out to her does not create even a potentially viable defense to enforcement of the arbitration agreement on grounds of either fraud or procedural unconscionability.

The use of standard form contracts, even by large corporations, is not *per se* unconscionable; the law also requires that the terms of the contract be so one-sided as to "shock the conscience." A term that fosters, in a fair and reasonable manner, a public policy endorsed by federal and state law, should not be casually jettisoned. As one court aptly noted in discussing the unconscionability defense:

> [i]t is not the province of the courts to scrutinize all contracts with a paternalistic attitude and summarily conclude that they are partially or totally unenforceable merely because an aggrieved party believes that the contract has proved to be unfair or less beneficial than anticipated.
> [*Morris v. Redwood Empire Bancorp.*, 128 Cal.App.4th 1305, 1324, 27 Cal.Rptr.3d 797 (2005), quoting *Geldermann & Co. v. Lane Processing, Inc.*, 527 F.2d 571, 576 (8th Cir. 1975).]

Accordingly, the motion to compel arbitration should be granted and this action stayed as to these Defendants pending arbitration.

DATED: August 13, 2008.

REED SMITH LLP

By //s// Eric G. Wallis
Eric G. Wallis
Attorneys for Defendants

DOCSOAK-9915372.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware